# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 141

CROSS v. CAMPBELL et

Ohio Appeals, 7th Dist., Mahoning Co.

No. 1199. Decided Jan. 17, 1927

Judges Pardee, Washburn and Funk, 9th Dist., sitting.

17. ACCORD AND SATISFACTION — When a letter accompanied by a check is tendered by one person to another as an accord and satisfaction, the latter may show by oral evidence that the tendered terms were not accepted and that an oral counter proposition was made and accepted.

972a. PUBLIC POLICY—1. A court may not declare a contract to be against public policy and void unless it clearly appears to be so.

2. The employment by one person of another to search for bona fide evidence to be used in litigation, compensation to be dependent upon the success of the litigation, is not against public policy.

297. CONTRACTS—A contract by which one person, for compensation, is to furnish evidence of a particular kind to accomplish a particular result in a lawsuit, is void.

27. ACTIONS—An action at law cannot be maintained by one person against another who has agreed to bring a suit against a third party, for the latter's failure to do so, when the only interest the former has in the suit and its subject matter is compensation contingent upon the winning of the suit.

First Publication of this Opinion

PARDEE, P. J.

Elmer Cross brought an action against the Youngstown Sheet & Tube Co., Jas. A. Campbell and others to recover $1,000,000 for an alleged breach of contract entered into between the parties. Campbell et. denied liability on the contract and asked to have same cancelled.

Upon the day of trial, a jury was impaneled and sworn, and at the close of the opening statement of Cross, Campbell demurred to the opening statement, for the alleged reason that Cross' petition did not state sufficient facts to constitute a cause of action against Campbell et. This demurrer was fully argued before the trial judge and sustained, the case taken from the jury and judgment entered in favor of Campbell et al.

The sole question to be determined is whether the trial judge erred in sustaining the demurrer.

The facts in the case are that Elmer Cross, a private detective, was employed as such by a corporation in Youngstown, and during such employment he became possessed of information to the effect that Campbell et. was being defrauded of large sums of money through a conspiracy between the employees of Campbell et. on one hand and a large Youngstown corporation on the other. After his employment ceased with the company where he was employed, he made further investigations of the alleged fraud and obtained further information relative thereto.

With all his information in hand, he went to see Campbell who was president of the Youngstown Sheet & Tube Co. and sought employment and compensation for investigation of the fraud. As a result of said interview, he was employed by said company, Campbell writing him a letter on August 11, 1922, which confirmed their oral interview in which Cross was to receive 50% of all moneys recovered; was not to examine records or make interviews without first getting permission from the company's general superintendent; that they would co-operate with him and that the contract was to terminate Dec. 1, 1922, and if no money was earned by Cross and if the Company terminated his contract, they would reasonably compensate him.

Cross went forward with his investigation, obtaining alleged confessions, etc. till June 1, 1923 when he was called into the company's office and paid $10,000 and later sent a letter in which the check was mentioned, that he was to cease work and his employment terminated, however if the company received any compensation thru settlement with the other company he was to receive more, and that he should do no more work unless notified to do so in writing.

Upon these facts and others hereinafter stated Campbell claims that the conclusions reached by the trial court were correct for the following reasons. 1st, that Cross and Campbell et. entered into an accord and satisfaction by which Cross received $10,000 in full settlement for his work as evidenced by the contract of settlement; 2nd, that the contract between the parties was void as being contrary to public policy; 3rd, by having admitted in the opening statement that no recoveries were made, there was no breach of contract, as there was no legal obligation upon the part of Campbell et. to commence any proceeding to attempt to make recoveries. The Court of Appeals held:

1. Cross' employment may be divided into three parts, first the letter of Aug. 11, 1922, second the continuation of employment under a supplemented oral contract of Dec. 1st, 1922 and third the arrangement made June 2, 1923 in regard to said employment and the termination thereof; all of which was continuous.

2. Nothing arose under the first contract because no recoveries were made, but Cross claims thru a supplemental oral contract of Dec. 1, 1922, that he was to receive reasonable compensation together with a share of what

was recovered; and did the fact of the letter and check of June 2, 1923 work an accord and satisfaction?

3. The letter was a mere offer of the terms upon which the check was tendered and Cross was at liberty either to accept or reject the terms of the tender. The record shows that the check was refused on the terms tendered, and a counter oral proposition was made by Cross, which was orally accepted by Campbell.

4. Therefore the letter not having been accepted, there was no contract based on the letter of June 21, 1923 and therefore there could be no accord and satisfaction.

5. Two grounds are given to show the contract against public policy. (a) That Cross was hired to collect evidence and that his compensation depended upon the result of the suit. (b) That Cross was hired to procure testimony to be used in evidence, his compensation depending on the character of the testimony procured to be used in a suit to accomplish a particular result.

6. "A litigant may also employ a layman to search for legitimate evidence and bona fide witnesses for a compensation contingent upon the success of the litigation."

7. The power of the courts to declare a contract void for being in contravention of public policy, is a very delicate and undefined power, and like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt.

8. This discussion would be unnecessary if it were not for the fact that by the second contract, that which was uncertain in the first contract, is made definite and certain, namely, that Cross was to procure evidence of fraud, and therefore, giving to the contract a strict construction as required, it is found to be within the prohibited class and is void.

9. As to the third and last contention of Campbell, it is a fundamental rule of contracts that in order to have a contract, there must be a consideration and it must be a valid one.

10. The arrangement of June 2, 1923, was based entirely upon services which Cross had theretofore rendered and which necessarily included the investigation. Thus if the original consideration upon which the arrangement is based, is void, every new arrangement based on the old void consideration is likewise void and unenforcible.

11. From Cross' petition it is clear that the cause of action stated is one for a breach of contract in failing to bring a suit. The company itself is the one to determine whether law suits of interest to them should be brought and control of such cannot be placed in the hands of a third person whose only interest is a fee. 78 OS. 256.

Judgment affirmed.

(Washburn, J., and Funk, J., concur.)

Attorneys—Payer, Winch, Minshall & Karch Cleveland, for Cross; Kennedy, Manchester, Conroy & Ford, Youngstown, for Campbell et.